(Pleito No. 105.—Fallado el 11 de Diciembre de 1900.)

## MOREY contra BALSEIRO.

COMPETENCIA promovida por las Cortes de Distrito de San Juan y Arecibo.

1.—COMPETENCIA. En los interdictos de recobrar la posesión es Tribunal competente el del lugar en que está sita la cosa objeto del interdicto.

2.—ARBITRAJE. El solo hecho de haberse, por mutuo convenio, sometido una cuestión á arbitraje (amigables componedores) en un distrito judicial, no confiere jurisdicción al Tribunal de dicho distrito para conocer de ella.

### SENTENCIA.

En la Ciudad de San Juan Bautista de Puerto Rico, á once de Diciembre de mil novecientos, en la competencia pendiente ante Nos, promovida por el Tribunal del Distrito de San Juan al de igual clase de Arecibo, sobre conocimiento

de interdicto de recobrar la posesión de terrenos, instado ante el Tribunal de Arecibo por Don Antonio Morey contra Don Rafael Balseiro, habiendo comparecido ambos ante este Tribunal, representados y defendidos por los Letrados Don Rafael López Landrón y Don Hilario Cuevillas Hernández.—Resultando: Que por escritura pública otorgada en dos de Marzo último, ante el Notario de esta Capital Don Mauricio Guerra, por Don Antonio Morey, vecino de la misma, y Don Rafael Balseiro, de Barceloneta, el segundo en concepto de socio gestor de la sociedad agrícola Balseiro y Giorgetti, sometieron á la decisión de amigables componedores una cuestión que tenían pendiente sobre á cual de los dos pertenece un perímetro de terreno de siete y media cuerdas, más ó menos, situadas en la jurisdicción de Barceloneta, barrio del Pueblo, demarcación de la Corte de Distrito de Arecibo, y que habían de resolver previo examen de los respectivos títulos de propiedad y demás documentos que les serían exhibidos, habiendo nombrado amigables componedores á Don Manuel Egozcue y Cintrón, Don Jaime Sifre y Tarafa, Don Rafael López Landrón, Don Damián Monserrat y Simó y Don Santiago R. Palmer, quienes darían su fallo sobre el punto discutido en el término de treinta días, á contar desde el siguiente al en que el último hubiese aceptado el cargo, plazo que por escritura de veinte y ocho de Abril siguiente fué prorrogado hasta el día último del mes de Mayo.—Resultando: Que en escrito de once de Junio el Letrado Don Hilario Cuevillas Hernández, en representación de Balseiro y Giorgetti, presentó escrito al Tribunal del Distrito de San Juan, en que alegó haberse dictado laudo por los amigables componedores, que fué remitido al Notario Don Mauricio Guerra para que extendiera dentro del término señalado en la prórroga la oportuna escritura, que se negaron á firmar Don Rafael López Landrón y Don Damián Monserrat; y en su virtud suplicó fueran requeridos éstos á que en el día siguiente después de requeridos, comparecieran ante el mencionado Notario y firmaran dicho documento,

bajo la responsabilidad que marcan los artículos 795, 796 y 799, en relación con el 837 de la Ley de Enjuiciamiento Civil, cuyo requerimiento acordado por el Tribunal, se llevó á efecto en trece de Junio citado.—Resultando: Que Don Rafael López Landrón y Don Damián Monserrat impugnaron el requerimiento que se les había hecho, promoviendo al efecto incidente de oposición al mismo, con súplica de que tal requerimiento se declarase por definitiva improcedente, inoportuno é ineficaz, con las costas á cargo de Balseiro y Giorgetti; y estando en tramitación·dicho incidente, el mismo Don Rafael López Landrón, en representación de Don Antonio Morey, con fecha cuatro de Junio promovió ante el Tribunal del Distrito de Arecibo contra Don Rafael Balseiro, ya por su derecho propio, ya como gestor de la sociedad agrícola Balseiro y Giorgetti, interdicto de recobrar la posesión de un predio rústico, situado en el barrio del Pueblo, término municipal de Barceloneta, con una cabida de setenta y dos cuerdas y cuarenta y siete centavos de otra, equivalentes á veinte y ocho hectáreas, cuarenta y ocho áreas y treinta y seis centiáreas, bajo las colindancias que se expresan, alegando Morey en apoyo de su pretensión, que desde hacía tres años venía poseyendo esa finca y hacía dos meses próximamente Don Rafael Balseiro, que es uno de los socios gestores de Balseiro y Giorgetti, había comenzado á introducirse en ella por medio de su mayordomo y braceros, llegando á ocupar una porción de siete cuerdas más ó menos de su cabida.—Resultando: Que después de practicada la información testifical propuesta por Don Antonio Morey, acordó el Tribunal de Arecibo, por auto de trece de Junio, fueran citadas las partes á juicio verbal, que había de tener lugar el veinte y uno; y citado Don Rafael Balseiro, compareció ante el expresado Tribunal por medio de escrito, en que pidió se dejara sin efecto el señalamiento de día hecho para la celebración del juicio, por no haber mediado entre ese día y la fecha de la citación el término que la ley previene, si bien protestó que tal petición no significaba sumisión al

Tribunal, toda vez que sobre el terreno á que se refería la demanda se había seguido juicio de amigables componedores en la Capital de la Isla, que comprendía la propiedad y posesión del mismo, recayendo laudo favorable á la sociedad Balseiro y Giorgetti.—Resultando: Que la sociedad Balseiro y Giorgetti, por medio de su Letrado Don Hilario Cuevillas, promovió en veinte y siete de Junio cuestión de competencia, por inhibitoria, ante el Tribunal del Distrito de San Juan contra el de Arecibo, con protesta de no haber hecho uso de la declinatoria, alegando que los terrenos á que se refería el interdicto, eran los mismos sometidos al juicio de amigables componedores, cuyo juicio había seguido todos sus trámites hasta el pronunciamiento de sentencia, que se negaron á firmar Don Rafael López Landrón y Don Damián Monserrat; é invocando como fundamentos de derecho el artículo 56 de la Ley de Enjuiciamiento Civil, según el cual es competente para conocer de los pleitos á que dé orígen el ejercicio de las acciones de toda clase, aquél á que los litigantes se hubieren sometido expresa ó tácitamente, y el artículo 836 de la misma ley, que ordena ser Juez competente, con exclusión de todo otro, para conocer sobre el cumplimiento de sentencia dictada por árbitros ó amigables componedores, el del partido á que corresponda el pueblo en donde se haya dictado, solicitó se librara oficio inhibitorio al Tribunal del Distrito de Arecibo, como así se acordó por auto del mismo día, previa audiencia del Ministerio Fiscal, conforme con tal pretensión.—Resultando: Que el Tribunal del Distrito de Arecibo, previa audiencia á la representación de Don Antonio Morey, quien se opuso á la inhibición pretendida, por discutirse en el interdicto la posesión de terrenos y ser de propiedad de los mismos la sometida á la decisión de amigables componedores, por no haber decisión alguna de éstos que estuviera ejecutándose en el Tribunal de Distrito de San Juan, y por haberse sometido Balseiro al de Arecibo en el hecho de haberse pedido la suspensión del acto verbal en el interdicto, razones que hizo propias el

Ministerio Fiscal, dictó auto en diez y seis de Julio rechazando el requerimiento de inhibición.—Resultando: Que habiendo insistido el Tribunal de Distrito de San Juan por auto de tres de Agosto siguiente en su competencia, remitieron ambos Tribunales sus respectivas actuaciones á esta Corte Suprema, con citación y emplazamiento de las partes, y se sustanció la competencia con arreglo á derecho, oyéndose al Ministerio Fiscal, quien estimó debía resolverse á favor del Tribunal del Distrito de Arecibo.—Visto: Siendo Ponente el Juez Asociado Don José C. Hernández.—Considerando: Que según el artículo 56 de la Ley de Enjuiciamiento Civil, es Juez competente para conocer de los pleitos á que dé origen el ejercicio de las acciones de toda clase, aquél á quien los litigantes se hubieren sometido expresa ó tácitamente, entendiéndose, según. el artículo 58, hecha la sumisión tácita por el demandante, en el mero hecho de acudir al Juez interponiendo la demanda y por el demandado, en el hecho de hacer, después de personado en el juicio, cualquiera gestión que no sea la de proponer en forma la declinatoria; y que á falta de una ú otra sumisión, es Juez competente en los interdictos de recobrar la posesión el del lugar en que está sita la cosa objeto del interdicto, en consonancia con la regla 15ª del artículo 65 de la Ley citada.—Considerando: Que Don Antonio Morey y Don Rafael Balseiro, únicas partes en el interdicto de recobrar á que se refiere el conflicto jurisdiccional respectivamente promovido y sostenido en los Tribunales de los Distritos de San Juan y Arecibo, se han sometido expresamense al segundo de dichos Tribunales, Morey por haber interpuesto ante él la demanda, y Balseiro por haber gestionado ante él mismo la suspensión del juicio verbal, sin proponer en forma la declinatoria, no obstante la protesta que formuló de no someterse á su jurisdicción, pues ante el precepto terminante de la Ley, tal protesta no puede surtir los efectos pretendidos; pero aun en el supuesto de que los surtiera, siempre sería competente el Tribunal de Arecibo, por radicar

en su Distrito el predio rústico á que se contrae el interdicto promovido.—Considerando: Que la cuestión de pertenencia de la finca objeto del interdicto, sea cual fuese su alcance, fué sometida á la decisión de amigables componedores, y no al Tribunal del Distrito de San Juan, que es el que sostiene con el del Distrito de Arecibo la competencia de que se trata, y que tampoco penden ante el referido Tribunal de San Juan diligencias de ejecución de la sentencia dictada por los amigables componedores, por todo lo cual los artículos 57 y 836 de la Ley de Enjuiciamiento Civil, que invoca la representación de Balseiro y Georgetti, nada arguyen en pró de la competencia que defienden.—Fallamos: Que debemos declarar y declaramos que el conocimiento de la demanda de interdicto corresponde al Tribunal del Distrito de Arecibo, al que se remitan todas las actuaciones relativas á dicho juicio y competencia de que se trata, comunicándose esta resolución al del Distrito de San Juan, con devolución de los autos últimamente recibidos, y siendo de cuenta respectiva de las partes las costas ocasionadas.—Así por esta nuestra sentencia, que se publicará en la *Gaceta Oficial*, lo pronunciamos, mandamos y firmamos.

José S. Quiñones.—José C. Hernández.—Juan Morera Martínez.—Rafael Palacios Rodríguez.

Publicación.—Leída y publicada fué la anterior sentencia por el Sr. Juez Asociado del Tribunal Supremo Don José C. Hernández, celebrando audiencia pública dicho Tribunal en el día de hoy, de que como Secretario certifico, en Puerto Rico á once de Diciembre de mil novecientos.—E. de J. López Gaztambide, *Secretario*.